J-S29045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN MARGRETTA, | : | |
| | : | |
| Appellant | : | No. 2451 EDA 2016 |

Appeal from the PCRA Order July 6, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-000086-1995

BEFORE: LAZARUS, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED May 19, 2017**

Appellant, Steven Margretta, appeals from the order of the Monroe County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Appellant pled guilty to homicide and was sentenced to life imprisonment on February 21, 1996. Appellant did not file a direct appeal. On March 1, 2002, he filed his first PCRA petition. The PCRA court denied Appellant's counseled petition on July 10, 2002, and, on July 10, 2002, this Court entered a judgment order affirming the PCRA court's order, as Appellant had filed his petition over five years after his judgment of sentence

---

[*] Former Justice specially assigned to the Superior Court.

became final, making it patently untimely. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on February 20, 2004. *See Commonwealth v. Margretta*, 830 A.2d 1049 (Pa.Super. 2003), *appeal denied*, 844 A.2d 552 (Pa. 2004).

On April 24, 2007, Appellant filed his second *pro se* PCRA petition, which the PCRA court dismissed as untimely on May 30, 2007. On appeal, we affirmed the PCRA court's order. *Commonwealth v. Margretta*, No. 1485 EDA 2007, unpublished memorandum at *1-2, 8 (Pa.Super. filed April 22, 2008). Appellant did not seek review in our Supreme Court.

On April 30, 2012, Appellant filed his third *pro se* PCRA petition and an accompanying "*Nunc Pro Tunc* Motion in Support of (PCRA) Time/Bar Issue," which the PCRA court denied as untimely after issuing Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's requests for relief without a hearing. This Court treated Appellant's filings as two PCRA petitions and affirmed the lower court's order dismissing both as untimely. *See Commonwealth v. Margretta*, No. 2212 EDA 2012, unpublished memorandum, (Pa.Super. filed April 11, 2013).

Appellant filed this *pro se* PCRA petition, his fourth, on March 21, 2016, seeking relief under *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). The PCRA court issued a Rule 907 notice on April 25, 2016. Among the court's reasons supporting its intent to dismiss was that *Miller* applies only to juvenile offenders, whereas

- 2 -

Appellant was an adult at the time he killed his victim. Appellant could not, therefore, avail himself of Section 9545(b)(1)(iii)'s after-recognized constitutional right exception to the PCRA time bar, the court concluded. By its Order of July 6, 2016, the PCRA court dismissed Appellant fourth petition for relief under the PCRA. On August 5, 2016, Appellant filed this *pro se* appeal.

On August 11, 2016, the PCRA court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b), and it thereafter granted Appellant's motion for an extension of time in which to file the concise statement. However, Appellant never complied with the court's order.

On appeal, Appellant does not address the PCRA court's Pa.R.A.P. 1925(a) Opinion that his failure to file a court-ordered 1925(b) statement resulted in waiver of his eligibility for appellate review of any issues raised in his petition. Rule 1925 of the Rules of Appellate Procedure provides, in pertinent part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**— If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
> ...
> (3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:
> ...
> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

- 3 -

...
(4) *Requirements; waiver.*
...
(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(3)(iv), (4)(vii).

Rule 1925's mandate is reflected in interpretative decisional law of the Pennsylvania Supreme Court, which has held that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)). This bright line rule applies to *pro se* appellants. **See**, **e.g.**, **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005).

Our review of the record confirms that Appellant failed to file a court-ordered Rule 1925(b) Statement. Accordingly, we agree with the PCRA court's opinion that Appellant has waived his eligibility for appellate review. **See Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa. Super. 2014) ("A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court [and] [t]his Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure").

Even if we were to review Appellant's briefed claims, we would conclude we lack jurisdiction to address them on the merits because Appellant's present PCRA petition was patently untimely.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar excuse the late filing of a petition under very limited circumstances; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on or about May 20, 2004, upon the expiration of 90 days allowed for filing a petition for *certiorari* with the United States Supreme Court. ***See*** U.S.Sup.Ct. Rule 13. Appellant filed the current *pro se* PCRA petition on August 5, 2016, more than 12 years after his judgment of sentence became final, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), insisting ***Miller/Montgomery*** affords him relief, but he admits he was 21 years old,

and no longer a juvenile, at the time of his offenses. Thus, **Miller/Montgomery** relief does not apply to Appellant.

Moreover, this Court has rejected Appellant's argument that courts should extend **Miller/Montgomery** relief to those under 25 years old because the brain is not developed fully until that age. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (holding 19-year-old appellant was not entitled to relief under **Miller/Montgomery** on collateral review; rejecting argument that he should be considered "technical juvenile"). Thus, Appellant's current petition remains untimely. Accordingly, we affirm.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017

- 6 -